Hyman, C. J.
Jacob C. Vanwickle, the plaintiff, brought suit in May, 1866, against William D. V. Downing, on two drafts drawn by him on B. O. (Hammings & Co., of New Orleans, payable to his own order, and by him endorsed in blank.
Each draft is for the sum of .86,750, is dated at New Orleans, 24111 February, 1861, payable twelve months after its date, and signed and endorsed thus : “ Win. D. Y. Downing.”
The drafts were accepted by the drawers.
Plaintiff prayed that he have judgment against defendant for the amount of the drafts, for interest thereon, for costs of protests and for costs of suit.
Defendant, in answer, admitted his signature to the drafts sued on, but denied responsibility on the drafts.
The District Judge rendered judgment, as asked for by plaintiff, and defendant has appealed from the judgment.
Plaintiff adduced in evidence protests, of the 27th February, 1862, for non-payment of two drafts, which differ from the drafts sued on only in the name of the drawer and endorser.
The drafts protested were drawn by J. D. Y. Downing, and by him en - dorsed in blank ; and the protests show that, on the 27th February, 1862, demands for their payment were made on the acceptors, B. O. Cummings & Co.
Plaintiff also introduced in evidence the certificates of the notary (who protested the drafts), who therein declared that he served notices of the protests on the drawer and endorser; by depositing on the day of the protests, in the post-office of New Orleans, the notices addressed to J. 1). Y. Downing, at Morganza post-office, Louisiana.
The protests do not show that demands were made for the payment of the drafts sued on ; on the contrary, they show that demands were made for the payment of other drafts.
It is impossible for the drafts that are protested to be the drafts that are in suit, if the protests declare truth.
It is unnecessary to inquire whether the notices of protests are sufficient or not; for, if there be no proof of demands for the payment of the ■drafts at their maturity,.the plaintiff cannot recover,. No such proof has been adduced.
*84 Plaintiff, not relying fully on the protests and certificates of notices of ■protests, offered in evidence a letter of defendant’s, which is as follows :
•'Mr. Vanaielcle—Dear Sir : R. C. Cummings wrote me, a few days ago, that you held some of his and my paper, and wishes to pay it. You will write to me immediately, as I wish to confer with him on the subject. My advice is to accept the offer. The manner in which property is on the wing, I do not think many debts will be settled after this war, for I firmly believe everybody will be broke, and universal repudiation will be the gamo. Respectfully yours,
Wk. D. Y. Downing.
Bayou Ferdoche, Monday, June, 1863. ”
By interrogatories on facts and articles, propounded to defendant, plaintiff; proved that the paper referred to in the letter was the drafts now sued on; and plaintiff contends .that, by this letter, the defendant acknowledged his liability to pay the drafts.
If the letter be a promise by defendant to pay the drafts, or an acknowledgment of his liability to pay them (and on which we express no opinion), and the plaintiff expects thereby to escape from the consequence of his laches, he must show by evidence (which he has not done), that defendant knew when he wrote it, the letter, that he was released by laches from responsibility on the drafts.
It is decreed that the judgment of the District Court be annulled, avoided and reversed ; it is further decreed that the case be dismissed as of nonsuit ; it is further decreed that plaintiff pay the costs of suit in both Courts.